CHARLES A. BAILEY *vs.* JOHN N. KNAPP, JR.

Penobscot. Opinion March 1, 1887.

*Partition. Practice. Law and equity. Deed.*

A petition for partition, is a legal and not equitable proceeding, and the respondent is not entitled to plead or prove that an absolute deed, under which petitioner claims a part of his title, was given as an equitable mortgage, and that the debt secured thereby has been paid.

A conveyed to B an undivided half of a tract of land, identifying it as a half coming from certain particular conveyances, A at the time owning the other half. B cannot, by his deed, take the second half because the first half turns out to be encumbered by mortgage.

ON exceptions.

Petition for partition.

In 1863, Adam Blackman, while seized of the one undivided half part of said tract under the Pinhorn mortgage, gave a quit-claim deed to George V. Blackman, mentioned in the opinion, as follows:

"One undivided half part of a certain tract of land . . . containing 1772 acres more or less, same known as the 'Eaton Tract;' intending hereby to release and convey all right and title to all that undivided half part of said premises which were conveyed in mortgage by Luke P. Rand to Amasa Stetson, by deed bearing date Aug. 8, 1857, recorded in Penobscot Registry book 280, page 160, and since assigned to said George, which I derived by deed Charles D. Gilmore Sheriff to me, dated Feb. 26, 1861, and recorded as aforesaid, book 310, page 62, and all title to said half which I have by virtue of any and all deeds for taxes, and especially by the two deeds from Edwin Eddy, one dated Jan. 18, 1861, recorded book 309, page 119, and the other dated Jan. 11, 1862; also including all other title which I have to said half part, reference to said deeds to be had."

Other material facts stated in the opinion.

*Charles A. Bailey,* for plaintiff.

*A. W. Paine,* for defendant.

PETERS, C. J. This is a petition for partition, and is to be governed by legal and not equitable principles.

The respondent contested a portion of the petitioner's apparently legal title, upon the ground that one of the deeds under which he claimed his portion of the land was no more than an equitable mortgage, and that the debt had been paid. The judge correctly ruled that the attempted defense was inadmissible in this proceeding. The question whether the deed is an equitable mortgage or not belongs to the equitable jurisdiction to

determine; cannot be determined at law. *Jewett* v. *Mitchell,* 72 Maine, 28.

Adam Blackman, while owner of one half of a tract of land conveyed to his son all his right and title in the half of the land which was mortgaged by one Rand to Amasa Stetson — which was the other half. The respondent contended that by the deed the son took a moiety of the land, whether it was the Rand half or any other half; that he could take an unencumbered half. The very statement is its own refutation.

*Exceptions overruled.*

WALTON, DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.